## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**<u>Jesus Enrique Lopez Gonzalez</u>**

v.                                      Case No. 26-cv-631-PB-TSM

**<u>David Wesling, Acting Field Office Director,</u>**
**<u>U.S. Immigration and Customs Enforcement, et al.</u>**

### <u>ORDER</u>

Jesus Enrique Lopez Gonzalez filed the instant petition for a writ of habeas corpus on August 5, 2026. Doc. 1. This Court subsequently ordered the government to show cause why I should not grant Lopez Gonzalez's petition to the extent of affording him a bond hearing under 8 U.S.C. § 1226(a) based on his similarity to the petitioner granted such relief on procedural due process grounds in <u>Destino v. FCI Berlin</u>. Doc. 3 (citing 2025 DNH 149, 2025 WL 4010424 (D.N.H. Dec. 24, 2025)).

The government has filed a response to my order in which it concedes that Lopez Gonzalez would receive the same result as the petitioner in <u>Destino</u> were that case's reasoning applied here. <u>See</u> Doc. 7. While the government gestures to certain arguments related to that authority—which it remains free to invoke in future cases notwithstanding the result of this case—it has not

substantively developed those arguments here and thus has not shown cause for Lopez Gonzalez's continued detention without a bond hearing.

Accordingly, because I agree with the Court's reasoning in <u>Destino</u>, the government is hereby ordered to afford Lopez Gonzalez a bond hearing under 8 U.S.C. § 1226(a) as soon as practicable. If the government fails to comply, I will grant the writ and set appropriate terms and conditions for Lopez Gonzalez's release during the pendency of his removal proceedings myself.

The government shall file a status report within fourteen days.

SO ORDERED.

/s/  Paul Barbadoro
Paul J. Barbadoro
United States District Judge

August 10, 2026

cc:    Counsel of Record

2